WILLIAM BOUGHTON, Respondent, v. OMAHA LOAN & TRUST COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, February 15, 1898.

Bond, Replevin: RIGHT OF ACTION ON BEFORE DETERMINATION OF SUIT IN WHICH EXECUTED. Suit can not be maintained on a bond of replevin until the final determination of the action in which it was executed, which it is held had not been determined in this case when the case was tried.

*Appeal from the Dent Circuit Court.*—HON. L. B. WOODSIDE, Judge.

REVERSED AND REMANDED; Judge BLAND concurring, Judge BIGGS dissenting.

*Farris & Norvell* for appellants.

An action can not be maintained on a replevin bond until there is a final adjudication of the replevin suit proper. 2 Am. and Eng. Ency. Law, 466 R, 466 S, 466 T; 1 Ency. Plead. and Prac. 1013, 1014; 7 Lawson on Rights, Rem. and Prac. 5518, 5649–5651; *Hansard v. Reed*, 29 Mo. 472; *Elliott v. Blackehal*, 45 *Id.* 372; *State ex rel. v. Williams*, 48 *Id.* 214; *Sauer v. Griffin*, 67 *Id.* 654; *State ex rel. v. McKeon*, 25 Mo. App. 667; *State ex rel. v. Gage Bros.*, 52 *Id.* 464.

*T. S. Burnett* for respondent.

The original replevin suit had been determined when this action was tried. R. S. 1889, secs. 6328, 6332; 1 McQuillin's Plead. and Prac., sec. 975.

Even if the justice enters the fact that a party has appealed on his docket and that the appeal is granted, yet there is no appeal, under the statute, until a recognizance has been entered into and approved by the justice. *Slater v. Steamboat Co.*, 10 Mo. 513. See, also, *Hansford v. Hansford*, 34 Mo. App. 270; *Werz v. Werz*, 11 *Id.* 33; 2 Ency. Plead. and Prac. 24; *State v. Dinnisse*, 41 Mo. App. 22.

BOND, J.—This action is upon a replevin bond executed by defendants in a suit against plaintiff before a justice of the peace. The bond is for $500 and otherwise conditioned as provided by the statute governing replevin before justices. The petition describes the property delivered under said bond, and concludes to wit: "That such proceedings were afterward had in said suit against this plaintiff by the Omaha Loan and Trust Co. aforesaid, that on the 14th day of February, A. D. 1896, before A. M.

Munroe, a justice of the peace of Benton Township, Crawford county, Missouri, before whom said cause had been transferred, this plaintiff then the defendant in said replevin suit recovered judgment against the Omaha Loan and Trust Company and its codefendants herein as its bondsmen for the return of the property hereinbefore set out and an assessment of this plaintiff's damage in the sum of one hundred and fifty dollars. Plaintiff states that said property has never been returned or delivered to plaintiff according to the conditions of said bond and no part of said judgment for damages has ever been paid to this plaintiff, who was the defendant in said replevin suit, nor has the value of said property been paid to plaintiff, wherefore plaintiff prays judgment against all the defendants for the sum of five hundred dollars to be satisfied upon the payment of the value of said property assessed as aforesaid, and one hundred and fifty dollars damages, together with interest thereon from the date of said suit and for costs of this suit." Issues were joined and the cause submitted to the court without a jury, who gave judgment in favor of plaintiff and against defendants for $500, from which defendants have appealed to this court.

Several errors are assigned as to the indefiniteness of the petition and the irregularity of the judgment, only one of which we deem it necessary to notice, as that necessarily involves a reversal of this judgment and the others may be cured on a retrial. The point in question is that the present record shows no final determination of the replevin suit, wherein the bond sued on was given. The record of the justice who tried the same discloses that he dismissed it upon the motion of defendants and gave judgment for a return of the property or the payment by plaintiff and his

REPLEVIN bond: right of action on before determination of suit in which executed.

bondsmen of damages in the sum of $150. There is no entry on the docket of the justice showing the allowance of an appeal; but plaintiff in this case called the said justice to testify and asked him the following question, to which the following answer was given:

"*Q.* I will ask you whether there was an appeal taken by the plaintiff. *A.* Yes, sir, and a transcript issued on the appeal."

Plaintiff also introduced in evidence the affidavit duly filed before said justice for an appeal in said cause. Plaintiff also called as a witness on his behalf the clerk of the circuit court of the county wherein said justice held his office, and proffered to prove by him that on the docket of the judge of said circuit court, a judgment appeared in the cause appealed from said justice.

The trial court excluded the testimony of the circuit court on the theory that it was not a record.

The correctness of this ruling is not before us for review, inasmuch as plaintiff did not appeal in this case.

From the foregoing it conclusively appears that it was shown by the present plaintiff in the testimony given on his behalf that no final determination of the replevin suit had been made when this action was tried. It is elementary law that suits on bonds of the nature of the one set out in the petition can not be maintained until determination of the litigation in which they were executed. Plaintiff in the present action wholly failed to show the disposition made of the appeal taken from the judgment of the justice of the peace wherein the bond in suit was given. This was an omission of proof as to a substantive and constitutive fact necessary to be shown before any cause of action could arise in favor of plaintiff on the replevin bond, and the trial court should have sustained the demurrer of defendants to

the whole evidence.    For its failure so to do  the judgment will be reversed and the cause remanded.  Judge BLAND concurs; Judge BIGGS dissents.

BIGGS, J. (*dissenting*).—The statute provides that when an appeal is allowed the justice shall make an entry of its allowance in his docket.    (R. S. 1889, sec. 6332.)    The plaintiff first read in evidence a transcript of the proceedings of the justice of the peace in the replevin suit, which showed a final judgment in the action.    It did not show that an appeal had been taken.    This evidence showed *prima facie* a final determination of the suit.    For some unaccountable reason counsel for plaintiff were not content to rest this question on the *prima facie* showing, but asked the justice if an appeal had been granted.    In reply to the question he answered, "yes, sir, and a transcript issued on the appeal."  They also called the clerk of the circuit court of the county and propounded to him this question:   "*Q.* Have you in your possession and under your control a judgment in the case in the circuit court of Crawford county of the Omaha Loan and Trust Company v. William Boughton?"   "*A.* I have it here on the judge's docket."  Upon the objection of the defendants  the  entries  in  the  docket  were  excluded. There is nothing in the record to show the nature of the entries.

The questions are, *first*, was it competent to show by the oral statement of the justice that an appeal had been applied for and perfected, and if so, *second*, did his evidence tend to prove those facts?  Waiving the first proposition I would answer the second in the negative.    To be effective an appeal from a justice must be taken within a certain time; and an affidavit must be filed and a recognizance must be entered into within the time prescribed by the statute.    The evidence of

the justice was the mere statement of a conclusion, and therefore it had no probative force. Hence in my opinion there is no evidence in the case that an appeal was taken. The only competent proof on the subject, although of a negative character, establishes *prima facie* that it was not taken. As the case was properly tried in other respects, I must dissent from the conclusion reached by my associates.